UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------------
: 
WESLEY DAVIS, :
: CASE NO. 1:20-cv-02137
      Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 8]
KOWALSKI HEAT TREATING CO. :
:
      Defendant. :
:
-------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Wesley Davis sues his former employer, Kowalski Heat Treating Company, for unpaid overtime and wage-related violations.[1] Now, Plaintiff seeks to conditionally certify a class under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA").[2]

For the following reasons, the Court **CONDITIONALLY CERTIFIES** a FLSA collective, but amends Plaintiff's proposed collective definition. The Court also **APPROVES** Plaintiff's proposed Notice and Consent to Join forms once they are updated with the approved collective definition.[3] Plaintiff may propose an amendment to the Notice and Consent to Join forms within fourteen days of this order only to address payments that Defendant may have made to certain potential plaintiffs.

The Court **DIRECTS** Defendant to provide Plaintiff with a roster of all potential opt-in plaintiffs who worked in the salt bath department, including their full names, their dates of employment, job titles, their last known home addresses, phone numbers, and their

---

[1] Doc. 1.
[2] Doc. 8.
[3] Doc. 8-1.

Case No. 1:20-cv-02137
Gwin, J.

personal email addresses within fourteen days of this Order. The Court further **ORDERS** Notice and Consent to Join forms to be sent within fourteen days of Plaintiff receiving Defendant's roster.

## I. Background

Plaintiff alleges that his former employer's practices violated federal and state wage and hour protections. For example, Plaintiff says that Defendant deducted thirty mealtime minutes daily from employees' hours, even though employees did not always take meal breaks.[4] Likewise, Plaintiff claims Defendant did not pay employees for time spent on pre-shift duties.[5] Plaintiff also alleges that Defendant miscalculated discretionary bonuses and failed to pay overtime.[6]

Now, Plaintiff seeks to certify a pre-discovery conditional FLSA collective of:

> All current and former hourly, non-exempt production employees of Defendant who worked 40 or more hours in any workweek and had one or more of the following occur: (1) the application of Defendant's meal deduction; (2) the performance of pre-shift work; and/or (3) they earned a production bonus, during the three years preceding the filing of this Motion and continuing through the final disposition of this case ("Potential Opt-In Plaintiffs").[7]

The Court will conditionally certify this collective but limit it to those employed in the salt bath division of Defendant's business.

---

[4] Doc. 1 at 1, 5.
[5] *Id.* at 5–6.
[6] *Id.* at 6–7.
[7] Doc. 8 at 1.

-2-

Case No. 1:20-cv-02137
Gwin, J.

## II. Discussion

Employees must be "similarly situated" to bring a FLSA collective action.[8] To determine whether the employees are similarly situated, the Court considers the "factual and employment settings of the individual[ ] plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, [and] the degree of fairness and procedural impact of certifying the action as a collective action."[9]

FLSA collective plaintiffs are similarly situated if their "causes of action accrued in approximately the same manner as those of the named plaintiffs."[10] Further, employees can be similarly situated when their claims are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct."[11]

There are two stages to the FLSA collective action certification process. At the first "notice" stage, a plaintiff must make a "modest factual showing" that "his position is similar, not identical, to the positions held by putative class members."[12] This is a "fairly lenient" standard.[13] At the second stage, after discovery, the Court more closely considers the collective action employees' situations.[14]

---

[8] 29 U.S.C. § 216(b).
[9] *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) (alterations in original) (quoting Charles Alan Wright et al., 7B Fed. Prac. & Proc. Civ. § 1807 (3d ed.)), abrogated on other grounds by *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016).
[10] *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 868 (S.D. Ohio 2011).
[11] *O'Brien*, 575 F.3d at 585.
[12] *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-7 (6th Cir. 2006) (citations omitted).
[13] *Id.* at 547 (quoting *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)).
[14] *Comer*, 454 F.3d at 547.

Case No. 1:20-cv-02137
Gwin, J.

Plaintiff has presented affidavits from two other potential opt-in plaintiffs.[15] Conditional FLSA collective action certification is warranted here but should be limited to Defendant's salt bath division. The Court agrees with Defendant that the circumstances, work responsibilities, and payment structures for employees outside of the salt bath division vary such that they are not similarly situated.

Defendant contests Plaintiff's claims,[16] but Defendant's substantive contentions do not defeat conditional certification. In essence, Defendant asserts that Plaintiff failed to "make even a modest factual showing necessary to support conditional class certification."[17] Defendant says that some of named-Plaintiff's declaration claims are inaccurate or false.[18]

Claims about the merits of Plaintiff's arguments do not defeat conditional certification. At this stage, the question is whether potential collective plaintiffs are similarly situated and have similar disputes.[19] The Court does not need to decide now Plaintiff's claims' merits (or lack of merits) or resolve factual disputes.[20]

Named-Plaintiff's declaration and the declarations from the two other potential opt-in plaintiffs—at least one of whom worked in the salt bath division—sufficiently show that they are similarly situated at this stage, despite Defendant's falsity claims.[21] Named-Plaintiff

---

[15] Doc. 8-3.
[16] Doc. 9.
[17] *Id*. at 11.
[18] *Id*. at 6–9 (citing Doc. 8-2).
[19] *Creely v. HCR ManorCare, Inc.*, 789 F.Supp.2d 819, 823 (N.D. Ohio 2011) ("The first stage is 'fairly lenient,' requiring only that plaintiffs show a colorable basis for their claim that a class of similarly situated plaintiffs exists.")
[20] *Terrell v. Health Care Bridge, Inc.*, No. 1:19-cv-2762, 2020 WL 3403019, at *2 (N.D. Ohio June 19, 2020) (citing *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015)).
[21] *Terrell*, 2020 WL 3403019, at *2; *see also Rembert v. A Plus Home Health Care Agency LLC*, No. 2:17-cv-287, 2018 WL 2015844, at *2 (S.D. Ohio May 1 2018).

Case No. 1:20-cv-02137
Gwin, J.

and the potential opt-in plaintiffs' declarations claim that Defendant did not follow certain overtime and time-related policies properly in ways that affected multiple salt bath employees. The parties should conduct discovery on these issues.

### III. Conclusion

For the foregoing reasons, the Court **CONDITIONALLY CERTIFIES** an amended FLSA collective of:

> All current and former hourly, non-exempt production employees in Defendant's salt bath division who worked 40 or more hours in any workweek and had one or more of the following occur: (1) the application of Defendant's meal deduction; (2) the performance of pre-shift work; and/or (3) they earned a production bonus, during the three years preceding the filing of this Motion and continuing through the final disposition of this case ("Potential Opt-In Plaintiffs").

The Court also **APPROVES** Plaintiff's proposed Notice and Consent to Join forms once they are updated with the approved collective definition.[22] Plaintiff may propose an amendment to the Notice and Consent to Join forms within fourteen days of this order only to address Plaintiff's concerns regarding Defendant's payments to some employees.

The Court **DIRECTS** Defendant to provide Plaintiff with a roster of all potential opt-in plaintiffs, including their full names, their dates of employment, job titles, their last known home addresses, phone numbers, and their personal email addresses within fourteen days of this Order. The Court further **ORDERS** Notice and Consent to Join forms to be sent within fourteen days of Plaintiff receiving Defendant's roster.

IT IS SO ORDERED.

---

[22] Doc. 8-1.

Case No. 1:20-cv-02137
Gwin, J.


Dated: April 2, 2021      *s/    James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE